IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DIANE SHEARS**                                             **PLAINTIFF**

vs.                              No. 1:22-cv-2099-LAH

**AMERICAN PUBLIC DEFENSE, INC.,**                    **DEFENDANTS**
**and LEWIS BROWN**

## DECLARATION OF DIANE SHEARS

I, Diane Shears, do hereby swear, affirm and attest as follows, based upon my personal knowledge of the matters contained herein:

1.      My name is Diane Shears, and I am over the age of 18 and duly qualified to execute this declaration.

2.      I am a resident and domiciliary of the State of Indiana.

3.      I was employed by Lewis Brown ("Defendant"), from around July of 2021 until December of 2021. Defendant owns and operates a company that provides security services, primarily to corporate customers and retailers.

4.      I worked for Defendant as a security officer. As a security officer, I walked the premises on a regular rotation and monitored the security cameras throughout my assigned shifts.

5.      I was assigned to provide security services at some of Defendant's corporate customers in the Chicago area. I worked as a security officer at both Walgreens' data center, located at 1084 Mount Prospect Plaza, Mount Prospect, Illinois

60056, and at Digital Realty's data center, located at 505 North Railroad Avenue, Northlake, Illinois 60164.

6.      Defendant scheduled me to work regular shifts from 7:00 pm to 7:00 am, five days per week.

7.      I clocked in and out in various ways, but it was usually via paper time sheet. Sometimes Defendant required me to call an automated time-keeping system to clock in and out rather than keep a paper time sheet.

8.      Defendant required me to arrive for my shift an hour before it started to receive sign-out and updates from the security officer rotating off duty. I was not permitted to clock in until my shift started. This resulted in my working 10 hours of unrecorded time per pay period.

9.      Likewise, I was not always able to leave my shift immediately but was required to clock out when my shift ended regardless. If the security officer scheduled to take over for me was running late, my sign-out to the oncoming security officer would sometimes run past when my shift ended, but I was not allowed to record that extra time.

10.     Defendant told me I would be paid $15.00 per hour when I was hired, but I rarely received the full $15.00 for even my recorded hours.

11.     Defendant would regularly "fine" me by docking my pay for various infractions such as running late to a shift. Defendant would regularly reduce my paycheck by up to $300.00 to account for these "fines."

12.     Defendant was a stickler for these "infractions" and would always find some perceived wrong so that he could reduce my pay. I estimate that my paycheck

was reduced by at least $250.00 during every pay period that I was employed by Defendant.

13. I remember specifically that during the week of December 19, 2021, which was the last week of my employment, Defendant deducted around $1,000.00 from my check, which resulted in me receiving $600.00 for two weeks' worth of work. I worked over 90 hours in those two weeks.

14. I regularly worked 90 or more hours per pay period. I was scheduled to work 40 hours per week, but due to Defendant's requirement that I arrive an hour early for my shifts, I always worked at least 45 hours per week.

15. I was not paid any overtime premium for my hours worked over 40 in a workweek.

16. To the best of my recollection, I missed approximately 1 to 2 days of work during the time that I worked for Defendant.

17. Defendant owes me a total of $51,512.75, which is shown by a calculation of damages that is submitted as Exhibit 2. I am owed $8,527.69 in back wages for unpaid overtime premiums and minimum wages, and under the liquidated damages provisions of the Fair Labor Standards Act, I am owed an equal amount in liquidated damages. I am also owed $25,583.06 in treble damages under the IMWL. Finally, under the IMWL, 820 ILCS 105/1, et seq. I am owed $8,874.31 in statutory damages of 5% of the amount of underpayment for each month following the date of a payment during which such underpayments remain unpaid. 820 ILCS 105/12.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed this 20th day of July, 2023.

_____
**DIANE SHEARS**