IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DIANE SHEARS**　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

vs.　　　　　　　　　　　　　　　No. 1:22-cv-2099-LAH

**AMERICAN PUBLIC DEFENSE, INC.,**　　　　　　　　　　**DEFENDANTS**
**and LEWIS BROWN**

## BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

### I.　　INTRODUCTION

Plaintiff Diane Shears ("Plaintiff") is entitled by operation of law to a judgment by default against Defendant Lewis Brown ("Defendant"), as a result of Defendant's failure to file any responsive pleading herein within the time allowed by the Rules. As fully set forth below, Plaintiff has alleged facts that establish a basis for the claims relating to violations of the minimum and overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Illinois' Minimum Wage Law (IMWL). Also, as more fully set forth herein below, Plaintiff has established that she is entitled to damages in the amount of $51,512.75, pursuant to 29 U.S.C. §§ 206–207, 216 of the FLSA and 820 ILCS 105/12, which includes damages for uncompensated hours worked, unpaid minimum and overtime wages, an equal amount in liquidated damages, and statutory damages. Plaintiff is also entitled to an award of costs and attorney's fees of $6,239.54.

Page 1 of 10
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099-LAH
Brief in Support of Motion for Default Judgment

## II. PROCEDURAL BACKGROUND

On April 22, 2022, Plaintiff filed the current lawsuit. ECF No. 1. Plaintiff served Defendant with a Summons and the Complaint on May 4, 2022, as demonstrated by the Proof of Service filed herein. ECF No. 7.

Pursuant to Rule 12(a), Defendant was required to file and serve its Answer to Plaintiff's Complaint by no later than May 25, 2022. Defendant failed to timely serve any responsive pleading whatsoever, and on December 22, 2022, the Court entered Default against Defendant. ECF No. 9. Pursuant to Rule 55(b)(2), Plaintiff requests that this Court enter a default judgment against Defendant as set forth herein below.

## III. DEFAULT JUDGMENT STANDARD

Pursuant to Rule 55, following the entry of a party's default by the Clerk, the Court may enter a default judgment against the defaulting party upon application by the non-defaulting party. Fed. R. Civ. P. 55. When entering a default judgment, the Court takes the facts alleged in the non-defaulting party's complaint as true. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."). Where the claim is for an indefinite or uncertain amount of damages, facts relating to the amount of damages must be proved in a supplemental hearing or proceedings. *Hines v. JBR Trucking LLC*, No. 2:18-CV-2159, 2020 U.S. Dist. LEXIS 50462, at *9 (C.D. Ill. Mar. 24, 2020) (citing *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)).

## IV. BRIEF FACTUAL BACKGROUND

As noted above, on motion for default judgment, the factual allegations contained in Plaintiff's Complaint must be taken as true. Diane Shears was a resident of Lake

Page 2 of 10
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099-LAH
Brief in Support of Motion for Default Judgment

County, IL, during the relevant time period. Compl. ¶ 6, ECF No. 1. Defendant Lewis Brown is an individual and resident of Illinois, and he owns and operates a security company doing business as American Public Defense, Inc. *Id*. at ¶¶ 7-9, 14-17. Defendant's business is subject to the FLSA because its annual gross volume of sales made, or business done is at least $500,000.00 and it has at least two employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce. *Id*. at ¶¶ 12-13.

Defendant employed Diane Shears as a Security Officer from July until December of 2021. *Id.* at ¶ 18. Defendant determined the number of hours Plaintiff worked, the manner in which she performed their duties, and her schedule. *Id*. at ¶¶ 15, 21. Throughout her employment, Plaintiff regularly worked over 40 hours and was not paid an overtime premium for any of those hours. *Id*. at ¶¶ 45-47. Defendant regularly "fined" Plaintiff for various offenses, such as arriving late to work, so much so that her constructive hourly rate fell below the applicable minimum wage. *Id*. at ¶¶ 48-49. Defendant regularly required Plaintiff to work hours outside of her scheduled shift that went uncompensated. *Id.* at ¶¶ 50-54. Defendant willfully violated the provisions of 29 U.S.C. §§ 206, 207 and 820 ILCS 105/4a(1) by failing to pay Plaintiff 1.5 times her regular rate for all hours worked over forty in a week. *Id*. at ¶¶ 46-48. Defendant also willfully violated the provisions of IMWL, 820 ILCS 105/1, *et seq.*, by paying an hourly rate less than the state minimum wage. *Id.* at ¶¶ 48-54, 73.

V. ARGUMENT

A. <u>Plaintiff has established that Defendant violated the minimum wage and overtime provisions of the FLSA and IMWL, and she is entitled to damages for all unpaid compensation</u>

Page 3 of 10
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099-LAH
Brief in Support of Motion for Default Judgment

Plaintiff has established that Defendant violated the overtime provisions of the FLSA and IMWL. Specifically, Defendant did not pay Plaintiff at a rate of one and one-half times her regular rate for all hours worked over 40 hours per week, nor did he pay Plaintiff all wages and final compensation due. Because Defendant violated the overtime provisions of the FLSA and the wage provisions of the IWPCA, Plaintiff is entitled to damages for all unpaid compensation.

29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week. Plaintiff always or almost always worked in excess of 40 hours per week during her tenure with Defendant. Compl. ¶ 45; *See* Exhibit 1, Declaration of Diane Shears (hereinafter "Decl. Shears") ¶ 14. At no point during Plaintiff's employment with Defendant did Defendant pay Plaintiff one and one-half times her regular rate for hours in excess of 40 per week. Compl. ¶¶ 46-47, 63; Decl. Shears ¶ 15. This violates the overtime provisions of the FLSA.

"An employee who brings suit under [29 U.S.C. 216(b)] of the [FLSA] for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946). However, based on the purposes of the FLSA, the employee's burden of proof is relaxed where the employer has failed to keep accurate records containing the information required under the FLSA. *Id*. at 687–88.

Plaintiff has established that Defendant violated the overtime provisions of the FLSA. Therefore, Plaintiff is entitled to damages for all unpaid overtime compensation

Page 4 of 10
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099-LAH
Brief in Support of Motion for Default Judgment

within the statute of limitations. Plaintiff has submitted a sworn declaration regarding her uncompensated overtime that is in line with the allegations made in the Complaint. Plaintiff suggests that because of her sworn declaration, no hearing need be scheduled. *See* Ex. 1, Decl. Shears.

Further, Plaintiff is entitled to liquidated damages regarding her overtime judgment. When an employer is found to have violated the overtime payment requirements of the FLSA, the employer "shall be liable" to the employee for liquidated damages in an amount equal to the amount of overtime compensation owed. 29 U.S.C. § 216. As set forth above, liquidated damages are not penal in nature, but represent compensation to the employee for otherwise obscure and difficult to prove damages. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). Subject to the discretion of the Court, an employer may be wholly or partially relieved of his duty to pay liquidated damages *only if the employer proves* "that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260, *see also Klein v. Rush-Presbyterian-St. Like's Med. Ctr.*, 990 F.2d 279, 282 (7th Cir. 1993)("The FLSA is a remedial act and exemptions from its coverage are to be narrowly construed against employers;" citations omitted), *Lorillard, Div. of Loew's Theatres, Inc. v. Pons*, 434 U.S. 575, 581 n.8 (1978)(noting that liquidated damages are mandatory unless the employer can satisfy the Court that the act or omission was in good faith.). An employer who violates the FLSA carries the burden of proving its claim of good faith and reasonable grounds, and the employer must show that it acted in both objective and subjective good faith, which requires that an employer demonstrate that it "took affirmative steps to ascertain the [FLSA's] requirements but

Page 5 of 10
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099-LAH
Brief in Support of Motion for Default Judgment

nonetheless violated its provisions." *Martin v. Ind. Mich. Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004); *Klien*, 990 F.2d at 283 ("The employer bears the burden of proving the application of an exemption," citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-98 (1974).). Liquidated damages are "the norm" where an FLSA violation is found. *Id*. Whether to award liquidated damages is a question for the Court, not the jury. *Kanatzer v. Dolgencorp. Inc.*, 2010 U.S. Dist. LEXIS 67798 at *24 (E.D. Mo. July 8, 2010).

The FLSA directs that liquidated damages in an amount equal to any judgment awarded on a minimum wage or overtime pay violation claim be awarded if the employer fails to carry its burden of proving that it acted in good faith and with reasonable grounds for violating the FLSA.29 U.S.C. § 216(b). Because Defendant failed to meet its burden of proving that it acted in objective and subjective good faith, Plaintiff should be awarded liquidated damages equal to any amount of unpaid overtime.

In addition, the FLSA mandates that an employee who is awarded damages against his or her employer for minimum wage or overtime violations of the FLSA be awarded reasonable attorney's fees and costs incurred in having pursued the case. Specifically, 29 U.S.C. § 216(b) states that a Court "<u>shall</u>, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fees to be paid by the defendant, and costs of the action." (emphasis added). Plaintiff requests that this Court accept the amount of costs and attorney's fees incurred by Plaintiff submitted with the Plaintiff's Motion for Default Judgment.

The IMWL, 820 ILCS 105/1, *et seq.*, imposes the requirement on employers of paying all employees 1.5x regular wages for all hours worked in excess of 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2). At

Page 6 of 10
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099-LAH
Brief in Support of Motion for Default Judgment

all relevant times, Defendant was Plaintiff's employer as defined in 820 ILCS 105/3. Therefore, Defendant's failure to pay Plaintiff a minimum wage for all hours worked and overtime premiums entitle Plaintiff to damages under the IMWL because the penalties imposed by the IMWL are "over and above the damages, including liquidated damages, that are available under the Fair Labor Standards Act." *Caldernon v. J. Younes Constr. LLC*, 2013 U.S. Dist. LEXIS 87817, *23 (N. D. Ill. 2013). Further, the damages provided under the IMWL are automatic and do not require an additional showing of willfulness or bad faith. *Reynoso v. Motel LLC*, 71 F. Supp. 3d 792, 800 (N. D. Ill. 2014). Therefore, Plaintiff is entitled to statutory damages of five percent (5%) of the amount of the underpayment for each month following the date of payment during which such underpayments remain unpaid. 820 ILCS 105/12(a). Further, Plaintiff is entitled to treble damages for back wages owed. *Id.*, see also *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 485-86 (1977) (noting the importance of the deterrence effect of treble damage awards while simultaneously recognizing that treble damages are still just a remedy to the underlying injury measured in a special fashion).

    B.    <u>Plaintiff has established a basis for an award of reasonable attorneys' fees and costs in the amount of $6,239.54</u>

Plaintiff has established that Defendant violated the overtime provisions of the FLSA. Pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

An award of reasonable attorneys' fees and costs to the prevailing party is mandatory under the FLSA. 29 U.S.C. § 216(b); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). Congress enacted the fee-shifting provision of the FLSA "to insure

Page 7 of 10
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099-LAH
Brief in Support of Motion for Default Judgment

effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley*, 19 F.3d at 1134; *see also* 29 U.S.C. § 202.

Compensating plaintiffs' attorneys, who act as private attorneys general lending their unpaid work to society, furthers Congress's public policy goal under the FLSA, which is to protect workers from unfair labor practices, as stated:

> The design of the Fair Labor Standards Act is intended to rectify and eliminate 'labor conditions detrimental to the maintenance of the minimum standard living' for workers. 29 U.S.C. § 202(a). The availability and award of attorney fees under § 216(b) must reflect the obvious congressional intent that the policies enunciated in § 202 be vindicated, at least in part, through private lawsuits charging a violation of the substantive provisions of the wage act.

*United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501–02 (6th Cir. 1984); 29 U.S.C. § 202. In awarding fees, "[t]he relevant issue…is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990).

Plaintiff's counsel kept contemporaneous records of their hours worked in this case. *See* Exhibit 3, Declaration of Josh Sanford (hereinafter "Decl. Sanford") ¶¶ 26-27, Exhibit A, Billing Spreadsheet. Although Plaintiff incurred $6,158.00 in attorneys' fees, Plaintiff has proposed a twelve percent (12%) reduction in the amount of fees incurred in order to account for any inefficient or unnecessary billing in this case. Decl. Sanford ¶ 35.

Section 216(b) of the FLSA also provides for an award of costs to a prevailing plaintiff. 29 U.S.C. § 216(b); *see also* Rule 54(d) (allowing an award of costs to a prevailing party). Costs recoverable under Rule 54(d) are identified in 28 U.S.C. § 1920. "Under the FLSA, however, 'costs include reasonable out-of-pocket expenses beyond

Page 8 of 10
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099-LAH
Brief in Support of Motion for Default Judgment

those normally allowed under Rule 54(d) and 28 U.S.C. § 1920.'" *Hendricks v. Inergy, L.P.*, 2014 U.S. Dist. LEXIS 6044, at *22 (E.D. Ark. Jan. 6, 2014) (internal editing marks omitted); *Shorter v. Valley Bank & Trust Co.*, 678 F. Supp. 1518 1523, 30 WH Cases 334 (D. Kan. 1991); *Walton v. United Consumers Club*, 786 F. 2d 303, 316, 27 WH Cases 962 (7th Cir. 1986). "Reimbursement for travel, meals, lodging, photocopying, long-distance phone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are the types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 630 (W.D. Tex. 2015).

Plaintiff seeks $820.50 in costs. *See* Decl. Sanford ¶ 36, Exhibit B, Costs Invoice. Costs were necessarily incurred, and the services giving rise to the costs were actually and necessarily performed. *See* 28 U.S.C. § 1924; Decl. Sanford ¶¶ 36-37. Each cost is described sufficiently to demonstrate that the cost was necessary. Accordingly, Plaintiff requests an award of all costs.

## VI. CONCLUSION

Plaintiff Diane Shears respectfully requests that the Court enter judgment against the Defendant and for attorneys' fees and costs.

Page 9 of 10
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099-LAH
Brief in Support of Motion for Default Judgment

Respectfully submitted,

**PLAINTIFF DIANE SHEARS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040


*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com


## CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that, on this 20th day of July 2023, a true and correct copy of the foregoing Brief in Support of Motion for Default Judgment was served via a postage-paid envelope addressed to the Defendant, at the address stated below, which is the last known address of the Defendant, and said envelope was deposited with UPS/FEDEX on this same date.

Lewis Brown
277 Somonauk Street
Park Forest, Illinois 60466

*/s/ Josh Sanford*
**Josh Sanford**

Page 10 of 10
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099-LAH
Brief in Support of Motion for Default Judgment