IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DIANE SHEARS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 22-cv-2099 |
| | ) | |
| AMERICAN PUBLIC DEFENSE, INC. | ) | Judge LaShonda Hunt |
| And LEWIS BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO VACATE DEFAULT JUDGMENT FOR
## LACK OF PERSONAL JURISDICTION

NOW COMES Defendant, LEWIS BROWN, by and through his counsel, and, pursuant to Rule 60(B)(4) of the Federal Rules of Civil Procedure, moves this Honorable Court to vacate the judgment entered in this action on ground of lack of personal jurisdiction due to invalid service. In support of this Motion, Defendant states as follows:

### STATEMENT OF FACTS

1. This action was commenced on April 22, 2022. (Dkt No. 1) The Plaintiff, a former employee of Defendant American Public Defense, Inc., alleged claims under the f the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act.

2. American Public Defense, Inc., is an Illinois corporation, with a listed registered agent of Lewis Brown and a registered office of 3430 Flossmoor Road, Flossmoor, Illinois. (Exhibit A).

3. Summons issued on April 22, 2022. (Exhibit B.) The Summons was addressed only to Lewis Brown, not the corporate defendant..

4. On July 25, 2022, Plaintiff filed a return of service (Dkt. No. 7, Exhibit C.) In the return the process server claimed substitute service upon Lewis Brown, both individually and as an officer of the corporate Defendant, on May 4, 2022 at 4:57 p.m. at 277 Somonauk Street, Park Forest, Cook County, Illinois, described as Brown's "usual place of abode." The server claimed service upon "an individual who refused to give their name who "indicated" that he was the subject's son, co-resident. The return is silent on what actions created any "indication." The individual accepted service with direct delivery. The individual appeared to be a blackhaired black male contact 18-25 years of age, 5'6"-5'8" tall and weighing 120-140 lbs."

5. As demonstrated in the Declaration of Lewis Brown (attached as Exhibit D), on May 4, 2022 Lewis Brown was not a residing in the United States. Mr. Brown has resided in a foreign country since 2021. (Para. 2.) The Somonauk Street address was a rental property that which he was a tenant until December 2019. He moved out of the Somonauk Street address in December 2019 and has never returned. He did not reside at 277 Somonauk Street, Park Forest, Illinois on May 4, 2022 and has no knowledge on who did reside on the premises on May 4, 2022. (Para. 3.)

6. In May, 2022 the only Illinois address that Mr. Brown maintained at all was located at 15400 Crockett Land in Markham, Illinois. His utility bills at the Markham address from the time are attached as Exhibit A to his Declaration. (Exhibit D, para. 4, Ex. A thereto.)

7. According to the records of the Cook County Recorder of Deeds, in 2019 the property at 277 Somonauk Street, Park Forest, Illinois was owned by the current owner, a company named CSMA BLT LLC, which was conveyed the property by deed on July 28, 2015. (Exhibit E). CSMA based in a subsidiary of Cerebus Capital Management of New York. *Ibid.* The property was never owned by Lewis Brown.

8. On May 4, 2022, Lewis Brown was only 31 years old. He has no children. Mr. Brown has no knowledge of the man served as his purported "son" and "co-resident." (Exhibit D, para. 5.)

9. The return of service states that a copy of the Complaint and Summons was mailed to "in a sealed envelope with postage fully prepaid, addressed to Lewis Brown at his/her usual place of abode." The mailing address was 277 Somonauk Street, Park Forest, Illinois, Brown had not resided at that address in over two years.

10. On July 18, 2023, Plaintiff filed a Motion for Default Judgment. (Dkt No. 20.) A default was entered on July 24, 2023, with the Court directing that "Plaintiff must serve defaulted defendant Lewis Brown with a copy of this order by 7/26/23 and promptly file a proof of such service." (Dkt. No. 21). Plaintiff's "service" of the order was simply to place a copy in certified mail to the Park Forest address, and no proof of receipt of the mail was filed. (Dkt. No. 22, Exhibit F.)

11. On August 1, 2023, the Court conducted a prove-up hearing. At the hearing Defendants did not appear. At the hearing, Plaintiff engaged in a voluntary dismissal of the corporate Defendant, which was granted.

12. On August 15, 2023, this Court entered a final default judgment against Lewis Brown in the amount of $57,752.29. (Dkt. No. 27, Exhibit G.)

13. Having become an expatriate in 2021, Lewis Brown had no knowledge of the lawsuit at all until December 2023, when he sought a loan. He learned of the existence of the lawsuit and judgment from his credit report. (Exhibit D, para 6.)

## ARGUMENT

The judgment must be vacated as void on ground of a lack of personal jurisdiction. Federal Rule of Civil Procedure 60(b) states in pertinent part that:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (4) the judgment is void.

FRCP 60(B)(2023). If service is improper, a default judgment is void for lack of jurisdiction. *Relational, LLC v. Hodges,* 627 F.3d 668, 672 (7th Cir. 2010) ("[A] judgment is void as to any party who was not adequately served.").

Rule 60(b) gives the decision to grant the motion to the trial court's discretion. *Philos Tech., Inc. v. Philos & D, Inc.,* 645 F.3d 851 (7th Cir. 2011). However, "[n]o court has the discretion to refuse to vacate that judgment once it recognizes its lack of jurisdiction." 645 F.3d at 855. "It is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate [such a] judgment under Rule 60(b)(4)." *United States v. Indoor Cultivation Equip.,* 55 F.3d 1311, 1317 (7th Cir.1995).

### A.     Defendant's Motion is Timely.

Defendant has moved within a reasonable time. Rule 60 states that "A motion under Rule 60(b) must be made within a reasonable time." FRCP 60(c)(2023). What constitutes a reasonable time depends on the circumstances of the case. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wisconsin v. Wisconsin,* 769 F.3d 543, 548 (7th Cir. 2014). But "certainly, under F.R.Civ.Pro. 60(b)(4), plaintiff may attack the judgment for lack of jurisdiction over the person at any time since a judgment rendered without jurisdiction over the person would be void." *Taft v. Donellan Jerome, Inc.,* 407 F.2d 807, 808 (7th Cir. 1969). "Professor Moore points out that, as applied to a motion for relief from a void judgment under Rule 60(b)(4), the

4

"reasonable time" limitation in Rule 60(b) 'must generally mean no time limit,' at least absent exceptional circumstances not present here." *Pacurar v. Hernly,* 611 F.2d 179, 181 (7th Cir. 1979), citing, 7 *Moore's Federal Practice* ¶ 60.28(3), at 404.

Even without such a rule, Defendant has moved five months after the judgment was entered and mere weeks after learning of the judgment, despite his residence abroad. The Motion is timely.

**B.     Plaintiff has the Burden of Proof.**

Plaintiff has the burden of proof to demonstrate personal jurisdiction. The issue of the burden was addressed by the Seventh Circuit in *Bally Exp. Corp. v. Balicar, Ltd.,* 804 F.2d 398 (7th Cir. 1986). "Normally it is well established that the plaintiff must prove jurisdiction exists once it is challenged by the defendant." 804 F.2d at 401. The *Bally* Court created an exception where the defendant has knowledge of the suit before judgment, but allowed the case to proceed to default judgment, in which case the burden would be placed on the defendant. *Ibid. See, Mid-Continent Wood Prod., Inc. v. Harris,* No. 82 C 7932, 1989 WL 135193, at *5 (N.D. Ill. Nov. 2, 1989), *rev'd on other grounds,* 936 F.2d 297 (7th Cir. 1991) ("Although the general rule is that the plaintiff must prove personal jurisdiction once it is challenged by the defendant, the *Bally* court shifted the burden to the defendant in Rule 60(b)(4) motions, where 'the defendant, after receiving notice, chooses to let the case go to the default ...'"). In the case at bar Defendant had no knowledge of the suite until months after the judgment was entered. The Bally exception does not apply, and the burden of proof rests with Plaintiff.

**C.     No Personal Jurisdiction Exists Because of a Lack of Service of Process.**

Plaintiff cannot meet its burden of proof. In this case, service of process is governed by the law of the state where the district court is located. *Swaim v. Moltan Co.,* 73 F.3d 711 (7th

5

Cir. 1996); F. R. Civ. P. 4(h), 4 (e).   Under Illinois law, substitute service of process can be effected "by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons." 735 Ill. Comp. Stat. Ann. 5/2-203 (2023).

There is a heightened burden of proof to show valid service when substitute service is claimed.

> [T]he return of the officer or other authorized person making service of a summons on a defendant by delivering a copy to another person, that is, by substituted service, must show strict compliance with every requirement of the statute authorizing such substituted service, since the same presumption of validity that attaches to a return reciting personal service does not apply to substituted service.

*State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 309, 100 Ill. Dec. 794, 800, 497 N.E.2d 1156, 1162 (1986). Even when given deference, an assumption of validity only applies to matters "within the personal knowledge of the officer" and cannot be contradicted by the uncorroborated affidavit of the defendant. *Nibco, Inc. v. Johnson*, 98 Ill. 2d 166, 172–73, 456 N.E.2d 120, 124 (1983). However, "this rule applies only to matters that are within the knowledge of the process server, such as the fact that service was made, his actions involved in doing so, where service was made, and who accepted the service." *Dep't of Healthcare & Fam. Servs. ex rel. Sanders v. Edwards,* 2022 IL App (1st) 210409, ¶ 48, 201 N.E.3d 75, 85.  Thus, outside of any presumption the server's assumptions or conclusions on whether the location was the Defendant's "usual place of abode" (*Edwards*, *supra*,) or whether the recipient was in fact a member of the family or a resident are outside of any presumption. *Nibco, Inc., supra.* Defendant is free to attack service by affidavit by service and otherwise on such issues.

No valid "substitute service" occurred on multiple grounds.

First, the location was not Defendant's "usual place of abode" as he had not lived there since December 2019, and has not resided in the United States since 2021. The only property Defendant maintained at all In Illinois at the time was in Markham, Illinois, not Park Forest. Defendant's account of being a mere renter at the property though 2019 is buttressed by the fact that the Somonauk Street property was owned by a corporation in 2022, not Defendant. Importantly, Defendant's declaration is supported by exhibits of contemporaneous utility bills showing his address as in Markham, Illinois at the time.

Second, Defendant has no son, much less one who 18-25 years old when Defendant Brown was all of 31 years old. Mr. Brown would have had to have fathered a son between the ages of 6 and 13 years to meet the description of the recipient of service.

Third, the return does not contain any statement that the person who received process at the stated that he was Defendant's "son" or his "co-resident." Instead, the server merely asserts that her served a man who "*indicated* they [sic] were the subject's son, co-resident." Ex. C (emphasis added). No details are provided on the conduct constituting the "indication." For his own part, Defendant Brown has no idea who the man was. (Ex D.)

No valid service of process occurred. Under federal law and constitutional principles, the default judgment cannot stand.

WHEREFORE, Defendant, LEWIS BROWN, respectfully prays that this Honorable Court vacate the default judgment entered against him on August 15, 2023.

Respectfully submitted,

LEWIS BROWN

By: /s/ *Anthony J. Peraica*

7

Anthony J. Peraica - ARDC NO: 6186661
Anthony J. Peraica & Associates, Ltd.
5130 South Archer Avenue
Chicago, Illinois 60632
773/735-1700
support@peraica.com