IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DIANE SHEARS**                                                                 **PLAINTIFF**

vs.                                     No. 1:22-cv-2099

**AMERICAN PUBLIC DEFENSE, INC.,**                              **DEFENDANTS**
**and LEWIS BROWN**

## RESPONSE TO DEFENDANTS' MOTION TO VACATE
## DEFAULT JUDGMENT FOR LACK OF PERSONAL JURISDICTION

Defendant Brown, based on nothing more than his own self-serving and conclusory affidavit, claims that Plaintiff's service is ineffective and the default judgment against Defendant must be overturned. The evidence produced by Defendant in support of his Motion to Vacate Default Judgment is insufficient for this Court to determine whether service was defective. Accordingly, Plaintiff respectfully requests that the Court permit limited discovery so that she may produce evidence proving that the residence in which service was effected was Defendant's abode and service on the individual who accepted the documents was proper substitutionary service under Illinois law.

### I.      INTRODUCTION

Plaintiff filed a lawsuit against Defendants on April 22, 2022, alleging violations of both the FLSA and the IMWL during her employment with Defendants. ECF No. 1. Summons were issued for both Defendants that same day, and Plaintiff began attempting service on Defendant Brown, who was listed with the Illinois Secretary of State as Defendant American Public Defense, Inc.'s registered agent. *See* Ill. Sec'y of

Page 1 of 7
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099
Response to Defendants' Motion to Vacate Default Judgment
for Lack of Personal Jurisdiction

State filing dated Feb. 22, 2022, attached as Ex. 1. American Public Defense, Inc.'s business filing lists Defendant Brown's address as 3430 Flossmoor Road, Flossmoor, Illinois 60422. *Id*. Plaintiff's attempts to serve Defendant at this address through May of 2022 were unsuccessful. *See* May and July Proofs of Nonservice, attached as Exs. 2, 3.

Based on the process server's conversations with individuals at the location, Plaintiff sought a new address for service on Defendant by performing a skip trace on Defendant Brown and began attempting service at the resulting addresses. *See* TLO Search dated February 28, 2022, attached as Ex. 4. The process server first attempted service at 277 Somonauk Street where he was told by individuals directly related to Defendant Brown that Defendant Brown did, in fact, live at the location but was unavailable at the time. See June Proof of Nonservice, attached as Ex. 5. The process server effected substitute service on an individual who claimed to be Defendant Brown's son at 277 Somonauk Street, Park Forest, Illinois 60466 on May 4, 2022. ECF No. 7. Defendant now claims that he has not lived at 277 Somonauk Street since 2019 and does not have a son. In support of these claims, Defendant provides proof of residence for yet another Illinois address which is listed neither on the skip trace report nor on the Illinois business filings for American Public Defense, Inc.[1]

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 4(h)(1)(A), any corporation, partnership, or association may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1) states that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in

---

[1] Defendant claims to maintain this address despite his unsupported claim of currently living out of the country.

**Page 2 of 7**
**Diane Shears v. American Public Defense, Inc., et al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099**
**Response to Defendants' Motion to Vacate Default Judgment**
**for Lack of Personal Jurisdiction**

an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Thus, service on Defendants may be made according to the state laws of Illinois regarding service of process.

According to Illinois law, "service of summons upon an individual defendant shall be made . . . by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons," so long as the process server also mails a copy of the summons to the defendant at "his or her usual place of abode." 735 Ill. Comp. Stat. Ann. 5/2-203. Accordingly, service on Defendant Brown was proper so long as 277 Somonauk was his usual place of abode and the person who accepted service was a co-resident with Defendant Brown.

### III.    ARGUMENT

Defendant Brown has not provided sufficient evidence to challenge this Court's personal jurisdiction over him. Defendant Brown raises two arguments to claim that Plaintiff's service was ineffective. First, Defendant Brown claims that he could not be effectively served at the 277 Somonauk address because it is not his "usual place of abode." The evidence Defendant Brown provides to prove this claim is insufficient to show that service was ineffective at 277 Somonauk. At the very minimum, Defendant Brown has provided evidence that he may have more than one "abode." *See* Section A, *infra*. Next, Defendant Brown argues that service was ineffective because the individual who accepted service at 277 Somonauk was not, and could not possibly be, Defendant Brown's son. Therefore, according to Defendant Brown, the individual had no authority to accept service. This argument likewise misses the mark—substitute service is

Page 3 of 7
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099
Response to Defendants' Motion to Vacate Default Judgment
for Lack of Personal Jurisdiction

effective so long as service is accepted by an individual residing at the defendant's usual abode. *See* Section B, *infra*. Finally, because Defendant Brown has not sufficiently called service into question, this Court should permit limited discovery to determine whether 277 Somonauk was Defendant Brown's usual place of abode when service was effected and whether the individual who accepted service was his co-resident. *See* Section C, *infra*.

**A. Defendant Brown has not shown that 277 Somonauk was not his usual place of abode.**

Defendant Brown claims that while he did live at 277 Somonauk for a time, he moved out in 2019 and has lived out of the country ever since. In support of this claim, Defendant Brown provides a sworn statement of the claims and warranty deeds demonstrating that 277 Somonauk is owned by a rental company. *See* ECF No. 28-1. Despite his claims of living out of the country, Defendant Brown also provides evidence that he does, in fact, maintain a residence in Illinois, by providing utility bills for an address at 15400 Crockett Lane in Markham. *See id*. This evidence is insufficient to prove that Defendant Brown was not residing at 277 Somonauk at the time of service.

It is well-settled in this district and others that a defendant may have more than one "usual place of abode" for purposes of service. *See Hensiek v. Bd. of Dirs. of Casino Queen Holding Co.*, No. 3:20-cv-377-DWD, 2024 U.S. Dist. LEXIS 34656, at *11 (S.D. Ill. Feb. 28, 2024) (citing *United States v. Mellon*, 719 F. App'x 74, 76 (2d Cir. 2018); *Norris v. Causey*, 869 F.3d 360, 369 (5th Cir. 2017); *Indymac Bank, F.S.B. v. Visvabharathy*, No. 07 C 6226, 2008 U.S. Dist. LEXIS 138704 (N.D. Ill. Sep. 8, 2008); *Hartford Fire Ins. Co. v. Perinovic*, 152 F.R.D. 128, 131 (N.D. Ill. 1993); *131 Main St.*

**Page 4 of 7**
**Diane Shears v. American Public Defense, Inc., et al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099**
**Response to Defendants' Motion to Vacate Default Judgment**
**for Lack of Personal Jurisdiction**

*Assocs. v. Manko*, 897 F. Supp. 1507, 1524 (S.D.N.Y. 1995)). Accordingly, while Defendant Brown has definitively shown that he maintained a residence in at 15400 Crockett Lane at the time of service, he has not shown that he did not also maintain a residence at 277 Somonauk.

Defendant Brown's residence at 277 Somonauk is supported by the process server's statements regarding conversations with neighbors. While the neighbors confirmed that Defendant Brown was out of the country, they maintained that 277 Somonauk was his residence, a claim that would be unlikely if Defendant Brown had actually moved out three years earlier. *See* June Proof of Nonservice, Ex. 5. Moreover, that Defendant Brown paid utilities at a residence in Illinois while ostensibly living out of the country supports the conclusion that Defendant Brown had multiple "abodes" at the time and could have just as likely paid utilities at 277 Somonauk and "resided" there for service purposes. *See Hartford Fire Ins. Co.*, 152 F.R.D. at 130 (noting that paying utilities at a property is an indicia of residence).

Defendant Brown has demonstrated that he maintained a residence at 15400 Crockett Lane in Illinois at the time of service; he has not demonstrated that he did not also maintain a residence at 277 Somonauk.

## B. Defendant Brown has not shown that service on the individual at 277 Somonauk was ineffective.

Defendant Brown next claims that service in this case was ineffective because the individual who accepted service was not his son and therefore could not accept service on Defendant Brown's behalf. This argument likewise misses the mark. Illinois law is clear that substitute service is proper when accepted by a person over the age of

Page 5 of 7
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099
Response to Defendants' Motion to Vacate Default Judgment
for Lack of Personal Jurisdiction

13 who lives in the same household as the defendant, regardless of blood relation. *See, e.g.*, *Cent. Mortg. Co. v. Kamarauli*, 2012 IL App (1st) 112353, ¶ 22, 366 Ill. Dec. 652, 659, 980 N.E.2d 745, 752 (collecting cases). Therefore, the salient part of the executed summons is where the process server claims the individual "indicated they were the subject's . . . **co-resident**," and Defendant Brown's claims regarding whether the individual who accepted service could possibly be his son are irrelevant. ECF No. 7 (emphasis added).

### C. The Court should permit discovery to determine whether service was proper.

Defendant Brown has provided definitive proof that at the time of service he maintained an Illinois residence at 15400 Crockett Lane, as well as reasonable evidence that he does not have a son. Defendant Brown has not shown that he did not also maintain a residence at 277 Somonauk, which he shared with the individual who accepted service. Accordingly, Plaintiff respectfully requests that this Court permit limited discovery to determine whether service was effective at 277 Somonauk. The scope of this discovery would include, for the relevant time period, requests for all utility bills paid by Defendant Brown, utility bills for 277 Somonauk, a copy of Defendant Brown driver's license or other identification, voter registration roles, and where Defendant Brown's mail was sent. All of these are reasonably calculated to show Defendant Brown's "usual place of abode" at the relevant time period.

**Page 6 of 7**
**Diane Shears v. American Public Defense, Inc., et al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099**
**Response to Defendants' Motion to Vacate Default Judgment**
**for Lack of Personal Jurisdiction**

## II. CONCLUSION

Defendant Brown has not provided evidence sufficient to show that this Court does not have personal jurisdiction over him. Plaintiff respectfully requests permission to serve limited discovery directed toward determining whether service was proper.

Respectfully submitted,

**PLAINTIFF DIANE SHEARS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 7 of 7**
**Diane Shears v. American Public Defense, Inc., et al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099**
**Response to Defendants' Motion to Vacate Default Judgment**
**for Lack of Personal Jurisdiction**