**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| DIANE SHEARS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No.  22-cv-2099 |
| | ) | |
| AMERICAN PUBLIC DEFENSE, INC. | ) | Judge LaShonda Hunt |
| And LEWIS BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>REPLY IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT</u>

NOW COMES Defendant, LEWIS BROWN, by and through his counsel, and for his Reply in Support of his Motion to Vacate Default Judgment states as follows:

### 1.   <u>Plaintiff has Not Disputed the Burden of Proof.</u>

While asserting that Defendant "has not provided sufficient evidence" to challenge this Court's jurisdiction" (Response. p 3), Plaintiff does not contest that the burden of proof of jurisdiction rests with <u>Plaintiff</u>, not Defendant.  *Bally Exp. Corp. v. Balicar, Ltd.,* 804 F.2d 398 (7th Cir. 1986).   A return of service is only *prima facie* evidence of what occurred, *i.e.,*"the recipient and when and where service occurred." *Durukan Am., LLC v. Rain Trading, Inc.,* 787 F.3d 1161, 1163 (7th Cir. 2015).  It does not resolve the other questions of whether the abode service was proper.  "Once disputed, the party asserting personal jurisdiction . . . must prove what it has alleged. *Durukan*, 787 F.3d at 1163–64, citing *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir.2002).  The burden rests with Plaintiff.

### 2.   <u>Plaintiff's Attack on Defendant's Unrebutted Declaration Fails as a Matter of Law.</u>

Defendant's declaration is proper proof of facts before this Court, due to the different standard applied to abode service returns.  In *Indymac Bank, F.S.B. v. Visvabharathy*, No. 07 C

6226, 2008 WL 11399566, (N.D. Ill. Sept. 8, 2008), a defendant contested abode service, presenting his own sworn declaration in support. As does Plaintiff here, the plaintiff in *Indymac* argued that a "self-serving" declaration was insufficient proof to rebut the declaration. Judge Gottschall rejected the contention, noting the different standard for abode service as opposed to personal service:

> Indymac's argument that uncorroborated affidavits are insufficient evidence rests on inapposite case law that discusses the heightened burden of rebutting a signed return of service that certifies that the defendant was *personally* served. In the case of *substitute* service, Visvabharathy argues that a different standard applies because the return of service is not itself evidence that service was made at the usual place of abode of the defendant because the process server "is attesting to a matter outside of his own personal knowledge." *See Chiaro v. Lemberis*, 171 N.E.2d 81, 85 (Ill. App. Ct. 1960). Therefore, the return of service "may be attacked by an affidavit, and where there is in the record no counteraffidavits contradicting it such affidavit will be taken as true." *Id.* The court finds the reasoning of the Illinois Appellate Court persuasive and therefore adopts it, having found no federal case that discusses the exact issue at hand.

2008 WL 11399566, at *4.

Here, a case of abode service, Defendant's declaration is fully competent and uncontradicted, as is his documentary evidence. Plaintiff's attack on that evidence fails.

**3.** **Plaintiff has Presented No Competent Evidence to Rebut Defendant's Facts.**

In contrast to Defendant's unrebutted evidence, Plaintiff's evidence is paltry and incompetent.

Plaintiff's first argument is to assert that Defendant must "prove a negative", *i.e.* that the Somonauk address was <u>not</u> his abode. Plaintiff has not only presented his unrebutted declaration, he has presented evidence that there was an abode other than the one at which service occurred, including utility bills from a different address from the very period in which service purportedly occurred, while stating that at the time he was residing overseas on a

permanent basis.  Plaintiff has presented no evidence that Plaintiff was residing at the Somonauk address in May 2022.

Plaintiff has further failed to address in any way the argument that the purported recipient of service could be the son of Mr. Brown, as he "indicated" when the man was 18-25 years old and Mr. Brown was all of 31 years old at the time.  Defendant states in his declaration that he has no son, and has no idea of who that person might be.   In response, Plaintiff has retreated to the thin contention that the recipient "indicated" that he was a "co-resident."  Even assuming that a process server's assessment of an "indication" is somehow evidence, it is hearsay.  'Evidence is hearsay when its probative force depends on the competency and credibility of some person other than the witness."  *Petition of Sawyer*, 229 F.2d 805, 809 (7th Cir. 1956).  Here the matter relies on the credibility of the unknown and unnamed recipient in his "indication" somehow exhibited by him.   The return and Plaintiff's response are silent even as to what actions by the recipient created any "indication," much less the identity of person.  Such is not the stuff of credible, probative evidence.   The evidence cannot be considered, much less given weight.

The Response also asserts inadmissible double hearsay from unidentified "neighbors." Not only are the cryptic notations of a process server hearsay to the extent they are used to try and prove the fact asserted, *i.e.* that Plaintiff maintained the Somonauk address as an abode, the statements of the neighbors are themselves a separate level of hearsay.  "Double hearsay statements which lack foundation are not admissible evidence." *Flanagan v. Office of Chief Judge of Circuit Court of Cook County, Illinois*, 893 F.3d 372, 375 (7th Cir. 2018).  Further, the cryptic statements of Plaintiff's evidence offer no basis as to the neighbors' knowledge, leaving the statements without foundation of personal knowledge under Federal Rule of Evidence 602.

In contradistinction to Defendant's declaration and documents, Plaintiff's flimsy evidence fails again and again. In Plaintiff's Exhibit 1 a record of the corporate Defendant with the Illinois Secretary of State, in which the Somonauk address is not mentioned, much less identified as a residence. In Exhibit 2, Plaintiff documents that her process server was unable to find Mr. Brown at a Flossmoor address, which is completely consistent with the statements in Defendant's Declaration in that (1) he did not live at that address; and (2) he was an expatriate by 2022. Finally, Plaintiff places weight upon her Exhibit 4, which does list a Somanauk address, but one of <u>three</u> covering the same time period. The unreliable nature of the report is shown by its reference to the Crockett Lane address in Markham, because the report lists Defendant as residing there from December 2019 to August 2020, when Defendant has produced his utility bills from <u>2022</u>. Just as importantly, the report lists Defendant as living at the Somanauk address from July 2016 to February 2022, departing three months <u>before</u> the purported service in this case in May 2022. Plaintiff's "evidence" is a hopeless mishmash which never places Defendant at the Somanauk address in May 2022. Plaintiff has proven nothing but the veracity of Defendant Brown's account.

    3.    <u>**Limited Discovery Should be Denied.**</u>

Defendant should be spared the cost and burden discovery by Plaintiff, sought in desperate hope that something might appear to save what is plainly inadequate service based upon Plaintiff's own evidence.

WHEREFORE, Defendant, LEWIS BROWN, respectfully prays that this Honorable Court vacate the default judgment entered against him on August 15, 2023.

Respectfully submitted,

LEWIS BROWN

By: ___/s/ *Anthony J. Peraica*_____

Anthony J. Peraica - ARDC NO:  6186661
Anthony J. Peraica & Associates, Ltd.
5130 South Archer Avenue
Chicago, Illinois 60632
773/735-1700
support@peraica.com