IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IILLINOIS
EASTERN DIVISION

**DIANE SHEARS**　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

vs.　　　　　　　　　　　　No. 1:22-cv-2099

**AMERICAN PUBLIC DEFENSE, INC.,**　　　　　　　　　　**DEFENDANTS**
**and LEWIS BROWN**

## MOTION FOR EXTENSION OF SERVICE DEADLINE
## WITH INCORPORATED BRIEF IN SUPPORT

　　　Plaintiff Diane Shears, by and through her undersigned attorney, and for her Motion for Extension of Service Deadline, states and alleges as follows:

　　　1.　　Plaintiff filed this lawsuit on April 22, 2022 (ECF No. 1), and the Court issued summonses for Defendants the same day.

　　　2.　　Plaintiff duly contacted a process server who attempted service on Defendant Brown ("Mr. Brown") individually and as registered agent for Defendant American Public Defense, Inc. ("APD") through May, June and July of 2022. *See* Proofs of Nonservice, attached as Ex. 1.

　　　3.　　After several unsuccessful attempts to serve Mr. Brown at the address listed on ADP's business filings with the Illinois Secretary of State, the process server made service attempts at addresses obtained through a skip trace on Mr. Brown. *See* ADP's Ill. Sec'y. of State Filing, attached as Ex. 2; TLO Search dated February 28, 2022, attached as Ex. 3.

Page 1 of 6
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099
Motion for Extension of Service Deadline

4. On May 4, 2022, the process server effected substitute service on an individual who claimed to be Mr. Brown's son at an address at which the neighbors claimed Mr. Brown resided. ECF No. 7.

5. Plaintiff sought default judgment against Mr. Brown, which this Court granted on August 1, 2023. ECF No. 26.

6. On March 18, Mr. Brown moved to vacate the default judgment for lack of personal jurisdiction due to ineffective service. ECF No. 28. This Court granted Mr. Brown's motion on May 15. ECF No. 38.

7. At a hearing conducted on May 30, Plaintiff indicated that she intends to pursue her claims against Defendants but acknowledged that the deadline for service has passed.

8. Accordingly, Plaintiff respectfully requests an extension of the service deadline to properly serve Defendants.

9. Plaintiff diligently sought service on Defendants from the inception of this case. At the time the case was filed, Mr. Brown was apparently in fact unservable, both individually and as registered agent for ADP, at both the address listed on ADP's business filings with the Illinois Secretary of State and at the addresses Plaintiff obtained through a skip trace. *See* Defs.' Mot. to Vacate Default J. for Lack of Personal Jurisdiction, p. 2 (stating that "Mr. Brown has resided in a foreign country since 2021.").

10. Defendants provided the address that Mr. Brown maintains in Illinois as 15400 Crockett Lane in Markham, Illinois. *Id*. Plaintiff intends to attempt service at this address as soon as is practicable should the Court provide an extension of the service deadline.

Page 2 of 6
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099
Motion for Extension of Service Deadline

11. Should Defendants prove to be unservable at 15400 Crockett Lane, Plaintiff requests permission to engage in limited discovery, served on Mr. Brown's attorney of record in this case, to determine Mr. Brown's whereabouts to effect proper service.

12. Based on the foregoing evidence of Mr. Brown's lack of availability for service, Plaintiff respectfully requests an additional 90 days to properly serve Defendants.

13. Plaintiff has already expended significant time and resources in attempting service on Defendants and through these requests seeks to reduce further delay and expense.

14. In support of her Motion, Plaintiff files the following exhibits:

    Ex. 1: Proofs of Nonservice;
    Ex. 2: ADP's Ill. Sec'y. of State Filing;
    Ex. 3: TLO Search dated February 28, 2022.

WHEREFORE, premises considered, Plaintiff respectfully prays this Court extend the deadline for Plaintiff to serve Defendants by 90 days and allow limited discovery into Defendants' whereabouts to effect proper service, and awarding all costs and a reasonable attorney's fee incurred in association with properly serving Defendants and grant all other relief to which Plaintiff may be entitled, whether specifically prayed for or not.

### BRIEF IN SUPPORT

This Court should allow Plaintiff additional time to serve Defendants because Plaintiff diligently pursued her claims in this case, had a reasonable basis for believing she had properly served Mr. Brown, and because dismissing her claims at this point in the case would be a gross injustice.

Page 3 of 6
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099
Motion for Extension of Service Deadline

Under Rule 4(m), a plaintiff must serve a defendant within 90 days of filing her lawsuit. If that deadline is not met, the Court must either dismiss the claims without prejudice or, if the plaintiff shows good cause for the delay, extend the time for service. Fed. R. Civ. P. 4(m). Rule 4(m) provides the Court with discretion to extend the service period even if the plaintiff is unable to show good cause. *Id*. See also *Hampton v. DuPage Cty.*, No. 20-cv-5948, 2024 U.S. Dist. LEXIS 58870, at *9 (N.D. Ill. Mar. 31, 2024) (citing *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008); *Carr v. Mendrick*, No. 21-cv-6301, 2022 U.S. Dist. LEXIS 192749 (N.D. Ill. Oct. 24, 2022)).

Plaintiff's reasonable belief that she had properly served Mr. Brown within the service deadline provides good cause for this Court to extend the deadline. On May 5, 2022, well within the 90-day deadline, Plaintiff executed service on an individual over 13 years of age who indicated he was Mr. Brown's son and co-resident at an address that Mr. Brown admits was his former address. ECF No. 7; Mot. to Vacate Default J., p. 2 (in which Mr. Brown states that he lived at 277 Somonauk Street until December of 2019). Accordingly, Plaintiff reasonably believed she had properly served Mr. Brown via Rule 4(e)(2) substitute service. This service was executed following Plaintiff's diligent search for Mr. Brown's current location when he was unservable at the address he provided to the Illinois Secretary of State. *See* Ex. 1. Moreover, following this service and Defendants' lack of response, Plaintiff was diligent in pursuing her claims through default judgment.

Plaintiff has expended significant time and resources in pursuing her claims in this case. Other than the extra work and expense incurred in locating a proper address for Mr. Brown, Plaintiff filed scheduling requests and status reports in addition to the work performed in obtaining both the clerk's entry of default judgment and the default judgment

Page 4 of 6
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099
Motion for Extension of Service Deadline

itself. This work was performed over the course of 18 months, which is particularly notable because without tolling from the filing of the Complaint, Plaintiff's claims would be time-barred should she have to refile. Because Plaintiff has diligently pursued her claims and had a reasonable basis for believing Mr. Brown was properly served, justice and fair play dictates that Plaintiff receive additional time to serve Defendants.

Aside from considerations of justice and undue prejudice, additional time for service is procedurally proper. At this point in the proceedings, the Court has vacated the default judgment but has not dismissed Plaintiff's claims. No party has moved for dismissal and the Court has not raised the issue sua sponte. Should Plaintiff's claims be dismissed at this point, she will be required to seek tolling from the filing of the Complaint in this case to preserve her claims, then refile her claims and likely end up in the exact same position as she's in now, likely even in the same Court. In the interests of judicial efficiency, Plaintiff should be permitted to pursue proper service rather than restart from scratch.

Accordingly, because Plaintiff had good cause for her improper service, in the interests of justice and fair play, and in the interests of judicial economy, the Court should grant Plaintiff 90 additional days to properly serve Defendants and allow limited discovery to ascertain Defendants' location for proper service should she be unable to serve Defendants at the Illinois address provided by Mr. Brown in his Motion to Vacate Default Judgment.

Page 5 of 6
Diane Shears v. American Public Defense, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099
Motion for Extension of Service Deadline

Respectfully submitted,

**PLAINTIFF DIANE SHEARS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 6 of 6**
**Diane Shears v. American Public Defense, Inc., et al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2099**
**Motion for Extension of Service Deadline**